IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| MORGAN COYNE,<br><br>           Plaintiff,<br><br>     vs.<br><br>PARK SIDE FINANCIAL CREDIT UNION, TROY BRACKEY, and CAROL BENIGER,<br><br>           Defendants. | CV 25-96-M-DWM<br><br><br>ORDER |

Plaintiff Morgan Coyne was repeatedly ordered to serve each named Defendant with a summons, copy of the Complaint, and other relevant record items, and to file proof of such service. (Docs. 10, 14, 16.) He has failed to do so and, accordingly, his pending motion preliminary injunction, (Doc. 4), is denied.

On June 24, 2025, Coyne, proceeding *pro se*, filed suit against Defendants Park Side Financial Credit Union, Troy Brackey, and Carol Beniger alleging "recission for failure of consideration and fraudulent inducement" (Count I), unjust enrichment (Count II), and constructive fraud and breach of equitable duty (Count III), and requesting "restitution under quantum meruit" (Count IV) and injunctive relief (Count V). (Doc. 2.) These allegations arise out of a financing agreement between Coyne and Defendant Park Side Financial Credit Union entered into on

1

September 10, 2022, for the acquisition of a 2022 Tracer 260BHSLE vehicle. (*Id.*) On June 24, 2025, Coyne also filed a motion for a temporary restraining order, (Doc. 3), a motion for preliminary injunction, (Doc. 4), and a "Notice of Emergency and Certification of Irreparable Harm[,]" (Doc. 5). Having failed to properly proceed *in forma pauperis* or pay the civil filing fee, the Court ordered Coyne to either file a Non-Prisoner Application to Proceed In District Court without Prepaying Fees or Costs, or pay the filing fee by July 10, 2025. (Doc. 8.) On July 9, 2025, Coyne paid the civil filing fee. On July 10, 2025, Coyne's request for a temporary restraining order was denied. (Doc. 9.) On July 15, 2025, Coyne was ordered to serve each named Defendant with a summons and copy of the relevant record items on or before July 22, 2025, and to file proof of such service on or before July 29, 2025. (Doc. 10.) He was notified that failure to serve Defendants or file proof of service may result in dismissal of the above-captioned case.

Coyne then moved for an extension of the deadline to serve Defendants, (Doc. 11), which was granted, and he was ordered to serve each named Defendant with a summons and copy of the Complaint and other relevant record items on or before August 5, 2025, and file proof of such service on or before August 12, 2025, (Doc. 14). He was again notified that failure to serve Defendants or file proof of service may result in dismissal of the above-captioned case without notice. (*Id.*)

2

On August 12, 2025, Coyne filed "proof of service[,]" (Doc. 15), that did not comply with Local Rule 4.3. Accordingly, on August 13, 2025, he was ordered to amend his proof of service to comply with Local Rule 4.3 on or before August 20, 2025. (Doc. 16.) It is now August 26, 2025, and Coyne has failed to file his amended proof of service.

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (explaining that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend"). Indeed, a "court may issue a preliminary injunction only on notice to the adverse part[ies]." Fed. R. Civ. P. 65(a)(1). Here, Coyne filed his motion for preliminary injunction over two months ago and has been repeatedly ordered to serve each named Defendant and proof of such service, (Docs. 10, 14, 16), but has failed to do so.

Accordingly, IT IS ORDERED that Coyne's motion for preliminary injunction, (Doc. 4), is DENIED WITHOUT PREJUDICE.

3

IT IS FURTHER ORDERED that Coyne may proceed with his action but must serve each named Defendant with a summons and copy of the Complaint, (Doc. 1), on or before September 8, 2025. Coyne must file proof of such service pursuant to Local Rule 4.3 on or before September 15, 2025. Failure to serve Defendants and file proof of service will result in dismissal of the above-captioned case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

DATED this 26th day of August, 2025.

_____ 09:30 A.M.
Donald W. Molloy, District Judge
United States District Court