IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MORGAN COYNE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PARK SIDE FINANCIAL CREDIT UNION, TROY BRACKEY, and CAROL BENIGER,<br><br>　　　　　Defendants. | CV 25-96-M-DWM<br><br><br>ORDER |

On June 24, 2025, Plaintiff Morgan Coyne, proceeding *pro se*, filed suit against Defendants Park Side Financial Credit Union, Troy Brackey, and Carol Beniger. (Doc. 2.) Since July 2025, Coyne has been instructed by Court order to serve each named defendant consistent with the Federal Rules of Civil Procedure. (Docs. 10, 14, 16, 17, 20.) He has also been given extensions of time to do so. (Docs. 14, 16, 17, 20.) On September 11, 2025, Coyne filed "proof of service" that only showed he had sent his pleadings by certified mail to the three named defendants. (*See* Doc. 19.) Such mailing is insufficient service here. Mont. R. Civ. P. 4(d)(3)(B)(iii), (C). Accordingly, Coyne was granted an extension to provide adequate proof of service on or before October 31, 2025, (Doc. 20), and he

1

was specifically notified that under the Federal Rules of Civil Procedure, service may be accomplished by, *inter alia*, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[,]" (*id.* (citing Fed. R. Civ. P. 4(e)(1)), and that although Montana allows service by certified mail, a corporation or unincorporated association may not be served by mail, (*id.* (citing Mont. R. Civ. P. 4(d)(3)(B)(iii)), and that "[i]f no acknowledgment of service by mail is received by the sender within 21 days after the date of mailing, service of the summons and complaint must be made in person," (*id.* (citing Mont. R. Civ. P. 4(d)(3)(C); *see Atraqchi v. George*, 2001 MT 159N, ¶ 1 (Mont. 2001) ("[T]he defendant did not sign and return the acknowledgment, and therefore service by mail was never properly completed."))).

On October 30, 2025, Coyne filed a "Supplemental Proof of Service" declaring that each pleading sent by certified mail to the three named defendants was "delivered and signed for" and providing the certified mail tracking numbers and date of delivery on August 4, 2025. (Doc. 21.) However, Park Side Financial Credit Union cannot be served by mail, Mont. R. Civ. P. 4(d)(3)(B)(iii), and Coyne has not provided Brackey or Beniger's acknowledgments of service by mail, which "must be signed and dated by the defendant[s,]" Mont. R. Civ. P. 4(d)(3)(E).

2

Having been notified that a failure to provide proof of service consistent with the Federal Rules of Civil Procedure would result in dismissal without further notice, (Doc. 20); *see* Fed. R. Civ. P. 41(b), IT IS ORDERED that the above-captioned matter is DIMISSED WITHOUT PREJUDICE.

DATED this 4th day of November, 2025.

Donald W. Molloy, District Judge
United States District Court